IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: | : | CHAPTER SEVEN |
|---|---|---|
| GARY J. FOX | : | BANKRUPTCY NO.: 5-03-bk-50027 |
| DEBTOR | : | |
| GARY J. FOX | : | {**Nature of Proceeding**: Amended Complaint for Intentional & Wilful Violation of Discharge Provisions of 11 U.S.C. § 524} |
| PLAINTIFF | : | |
| vs. | : | |
| LAURA A. FOX | : | |
| DEFENDANT | : | **ADVERSARY NO.: 5-04-ap-50230** |

# OPINION

This matter comes before me on stipulated facts (attached, as Exhibit B, to Defendant's Brief, Doc. #13). The Debtor, Gary Fox, has filed this Complaint to enforce the discharge injunction under 11 U.S.C. § 524 against Laura Fox.. At the time of the Debtor's filing on January 6, 2003, a divorce proceeding was pending in state court. The divorce proceeding contained a claim for equitable distribution under the Pennsylvania Divorce Code. No determination has been made by the state court regarding equitable distribution. That claim is being pursued by Laura Fox, notwithstanding the entry of a discharge in favor of the Debtor on June 27, 2003.

In essence, the disposition of this case comes down to resolving the tension created by the differing interpretation by two Pennsylvania bankruptcy courts of the state of Pennsylvania law as to whether an unresolved claim for equitable distribution is a "right to payment" subject to the discharge provisions of the bankruptcy code or a property

interest not subject to discharge.

The court in *In re Scholl* (*In re Scholl,* 234 B.R. 636, 641 (Bkrtcy. E.D.Pa. 1999) began with the definition of "claim" in the bankruptcy code and found that the term "claim" meant a right to payment. Looking, then, to our Circuit's interpretation of a "right to payment", the *Scholl* court examined *Avellino & Bienes v. M. Frenville Co. (In re M. Frenville Co.),* 744 F.2d 332 (3rd Cir. 1984); *cert. denied,* 469 U.S. 1160, 105 S.Ct. 911, 83 L.Ed.2d 925 (1985) and concluded that the determination of when a right to payment arises is a matter of state law. *Id.* at 337.

The *Scholl* court then turned to state law and, relying on *Keystone Savings Assn. v. Kitsock*, 429 Pa.Super. 561, 633 A.2d 165 (1993), concluded that the marital property was in *custodia legis* until there was either an enforceable agreement of the parties or an order of the court dividing the property. Until that time, the *Scholl* court continued, there was no enforceable rights that belonged to the parties relative to that property and therefore no "right to payment".

The bankruptcy court in *Schorr v. Schorr (In re Schorr),* 299 B.R. 97 (Bankr. W.D.Pa. 2003) disagreed with the *Scholl* analysis. Relying on the same *Frenville* case, the *Schorr* court concluded that the claim arises under Pennsylvania law, when "one can maintain an action to a successful conclusion." *Schorr*, 299 B.R. at 102. The *Schorr* court equated the vested right to maintain a claim for equitable distribution as the equivalent of a right to payment of equitable distribution.

At issue before the *Frenville* court was when a right to payment arose under an indemnification theory. Looking to New York law, the Circuit observed that, generally, an indemnification claim does not arise until "the prime obligation to pay has been

established." *Frenville, citing Burgundy Basin Inn v. Watkins Glen Grand Prix Corp.,* 51 A.D.2d 140, 379 N.Y.S.2d 873, 880 (1976 N.Y.App.Div.). Nevertheless, in the interest of judicial economy, New York has established a procedure to allow indemnification matters to be raised by the use of third party pleadings. *Frenville,* 744 F.2d at 337. If that underlying litigation is not initiated prior to bankruptcy, then the claim is post-petition even if all the underlying facts occurred prior to bankruptcy.

The *Schorr* court took further issue with *Scholl's* analysis of state law as not being rooted in decisions of Pennsylvania's highest court. I disagree. In the absence of Pennsylvania Supreme Court authority, the Third Circuit instructs that we look to intermediate state courts; federal courts interpreting state law; and decisions of other jurisdictions that have discussed the issue. *Hughes v. Long*, 242 F.3d 121, 128 (3rd Cir. 2001). *Scholl's* analysis comported with this standard.

A review of case law (and for that matter, the *Schorr* opinion itself) will confirm that little has been added by way of case law to the *Scholl's* detailed review of Pennsylvania law on the points it relies. I observe that I have used *Scholl's* analysis in disposing of related issues in two cases. *In re Hazelton,* 304 B.R. 145 (Bkrtcy. M.D.Pa. 2003)*, In re Brugger,* 254 B.R. 321 (Bkrtcy. M.D.Pa. 2000). I also note that two New Jersey decisions have embraced *Scholl* in adjudicating similar cases. *In re Berlingeri*, 246 B.R. 196, 200 (Bkrtcy. D.N.J. 2000) and *In re Howell,* 311 B.R. 173 n.4 (Bkrtcy. D.N.J. 2004) (where a bankruptcy filing preceded a judgment of divorce, the pending claim for equitable distribution is a post-petition claim). The *In re Verner,* 318 B.R. 778 (Bkrtcy. W.D.Pa. 2005) case took a somewhat modified approach by concluding, under similar facts, that an equitable distribution right was *both* a pre-petition claim *and* a

property interest. The *Verner* court explained - - - to the extent that the non-debtor spouse pursues *in kind* distribution, it survives the bankruptcy and passes through the estate. On the other hand, to the extent that the spouse pursues "equalization relief", the equitable distribution claim does not survive bankruptcy. With due respect to the *Verner* court, I find this conclusion to be inconsistent and incapable of practical application.

The *Scholl* court's analysis of Pennsylvania equitable distribution law comports with the Circuit's overall guidance as to when a right to payment arises.

In short, the analysis in *In re Scholl* appears to retain its persuasiveness. Its reasoning was cogent and remains intact. Its review of Pennsylvania law continues to be timely. There is no compelling federal policy to alter its conclusions regarding the facts at hand.

I find that the pursuit of an equitable distribution claim seeks a property interest, at least until such time that an agreement is approved or an order is entered. I conclude, based on the same reasoning as that in *Scholl*, that the Defendant does not violate the discharge injunction by continuing to pursue equitable distribution in the state court.

An Order will follow.

Date: October 13, 2005

John J. Thomas, Bankruptcy Judge
(CMS)

*This electronic opinion is signed and filed on the same date.*