OFFICE OF THE CLERK

# UNITED STATES COURT OF APPEALS

Marcia M. Waldron
Clerk

FOR THE THIRD CIRCUIT
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

Telephone
267-299-4938

www.ca3.uscourts.gov

November 27, 2007

03-50027 MAIN
04-50230 ADV.

Clerk, U.S. Bankruptcy Court for the Middle District of Pennsylvania
Ronald Regan Federal Building
228 Walnut Street, Room 320
Harrisburgh, PA 17101

RE: Docket No. 06-4075
    In Re: Gary Fox
    Originating Court No. 05-cv-02391

Enclosed herewith is a copy of the decision filed today in the above-entitled case. The Court's mandate will issue in due course.

Very truly yours,
MARCIA M. WALDRON
Clerk

By: Tonya Y. Wyche
Case Manager

Enclosure

Order 8-30-06

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-4075
_____

IN RE: GARY J. FOX

               Appellant

GARY J. FOX

v.

LAURA A. FOX

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. No. 05-cv-02391)
District Judge: Hon. James M. Munley

_____

Argued on September 27, 2007

Before: AMBRO, JORDAN and ROTH, Circuit Judges

(Opinion filed : November 27, 2007)

John J. Martin, Esquire
1022 Court Street
Honesdale, PA 18431

               Counsel for Appellant

Marshall E. Anders, Esquire
Nicholas J. Masington, III, Esquire
Anders & Masington, LLC
18 North Eighth Street
Stroudsburg, PA 18360

    Counsel for Appellee

## OPINION

**ROTH,** Circuit Judge:

This is an appeal from the order of the United States District Court for the Middle District of Pennsylvania, denying the appeal of Gary Fox (Husband) from the Order of the United States Bankruptcy Court for the Middle District of Pennsylvania, entering judgement in favor of Laura A. Fox (Wife) on Husband's complaint for intentional and willful violation of the discharge provision of 11 U.S.C. § 524. For the reasons stated below, we will affirm the order of the District Court.

## I. BACKGROUND

As the facts are well known to the parties, we give only a brief description of the relevant issues and procedural posture of the case.

Husband filed for relief under Chapter 7 of the United States Bankruptcy Code on January 6, 2003. When the bankruptcy petition was filed, a divorce petition was pending in the Court of Common Pleas. As a part of the divorce proceeding, Wife had moved for

equitable distribution of the marital property. However, a hearing had not yet been held by the state court on the distribution motion. On April 28, 2003, Wife filed a motion for relief from the automatic stay in bankruptcy in order to allow the divorce action to proceed. On June 2, 2003, Husband and Wife entered into a stipulation to enable Wife to proceed to litigate the divorce case. The stipulation was made an order of the District Court on June 3, 2003.

On June 27, 2003, Husband received his discharge from bankruptcy under 11 U.S.C. § 727, discharging him from all debts that arose before the bankruptcy. After this discharge, Wife continued to assert a claim against Husband in the divorce proceeding for equitable distribution of the marital property. On August 5, 2004, Husband filed a complaint for intentional and willful violation of the section 524 discharge provision due to Wife's continued efforts to obtain equitable distribution. On October 13, 2005, the Bankruptcy Court concluded that Wife did not violate the discharge injunction by continuing to pursue equitable distribution in the state court. Husband appealed. The District Court denied the appeal on the basis that Wife did not violate the discharge provision of 11 U.S.C. § 524 by continuing to seek equitable distribution of the marital estate. Husband again appealed.

## II. JURISDICTION & STANDARD OF REVIEW

The District Court had jurisdiction over the bankruptcy appeal pursuant to 28 U.S.C. § 158(a)(1). We have jurisdiction under 28 U.S.C. § 1291.

Bankruptcy Rule 8013 controls our standard of review, and provides that "findings

3

of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the Bankruptcy Court, to judge the credibility of the witnesses." *Landon v. Hunt*, 877 F.2d 829 (3d Cir. 1992) (citations omitted). Our standard of review is plenary over any conclusions of law by the bankruptcy or district courts. *Id.*

## III. DISCUSSION

There is a split of authority within this Circuit's bankruptcy courts on the issue of dischargeability in bankruptcy of claims for equitable distribution of marital property. *Compare In re Schorr*, 299 B.R. 97 (Bankr. W.D. Pa. 2003) (holding wife's claim for equitable distribution was a "debt" discharged in bankruptcy); *with In re Scholl*, 234 B.R. 636 (Bankr. E.D. Pa. 1999) (holding request for equitable distribution pending at time of bankruptcy is not a "debt" dischargeable under the Bankruptcy Code). We decline, however, to resolve this conflict in the instant appeal because we find that the stipulation entered into by the parties during the bankruptcy proceedings controls the outcome.[1] The stipulation expressly and specifically gave the parties the right to proceed with the divorce action pending before the state court, of which the Wife's claim for equitable distribution was a part. The stipulation placed no limitation or restriction upon Wife's right to pursue any part

---

[1] The enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (Pub. L. 109-8, 119 Stat. 54) has resolved this issue for future cases. BAPCPA amended, *inter alia,* section 523(a) of the Bankruptcy Code to make non-dischargeable any debt "to a spouse . . . [or] former spouse . . . that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record . . . .

4

of the divorce action. We, therefore, conclude that her pursuit of her equitable distribution claim is covered by the stipulation. Because the parties stipulated to Wife's ability to pursue the divorce action – of which the claim for equitable distribution was a part – that claim was not discharged in bankruptcy. As a consequence, Wife did not violate the discharge provision in pursuing that claim.

IV. **CONCLUSION**

For the above reasons, we will **affirm** the District Court's order.